IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
STEVE ANTHONY TURNER,          )
                               )
          Appellant,           )
                               )
     v.                        )       1:22-cv-937
                               )
UNITED STATES OF AMERICA,      )
                               )
          Appellee.            )
```

### MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

This matter comes before this court on appeal from the United States Bankruptcy Court for the Middle District of North Carolina. Debtor-Appellant Steve Anthony Turner appeals the order of the Bankruptcy Court holding that the automatic stay provided by 11 U.S.C. § 362(a) does not apply to Appellee's, the United States of America's, enforcement and collection of criminal restitution owed by Debtor-Appellant. (Doc. 1.) On consideration of the issues and the arguments by all interested parties, this court affirms the United States Bankruptcy Court's order.

I.   BACKGROUND

On January 6, 2014, Debtor-Appellant pleaded guilty to violating 18 U.S.C. §§ 371 and 2322(a)(1), conspiracy to operate a chop shop. Minute Entry 01/06/2014, United States v. Steve Anthony Turner, No. 1:13-cr-230-4 (M.D.N.C. Jan. 6, 2014). As

part of the Judgment, Debtor-Appellant was sentenced to pay restitution in the amount of $336,614.26. Judgment at 4, United States v. Steve Anthony Turner, No. 1:13-cr-230-4 (M.D.N.C. Aug. 8, 2014), Doc. 142.

On February 28, 2022, Debtor-Appellant filed a petition for relief under Chapter 13 of the Bankruptcy Code with the United States Bankruptcy Court for the Middle District of North Carolina. In re Steve Anthony Turner, No. 22-80056 (Bankr. M.D.N.C. Feb. 28, 2022), Doc. 1. He included the criminal restitution obligation in his summary of assets and liabilities. Id. at 24. Subsequently, Debtor-Appellant proposed a Chapter 13 plan, pursuant to 11 U.S.C. 1321. (See Ex. 1, Bankruptcy R. on Appeal, Am. Notice of Creditors and Proposed Plan (Doc. 3-1).)[1]

On June 2, 2022, in Debtor-Appellant's criminal case, the United States moved for an order of garnishment to recover restitution by withholding a percentage of Debtor-Appellant's earnings, pursuant to 28 U.S.C. § 3205(c)(7). Mot. for Order of Garnishment, United States v. Steve Anthony Turner, No. 1:13-cr-230-4 (M.D.N.C. June 2, 2022), Doc. 250. The court granted that motion. Order of Garnishment, United States v. Steve

---

[1] All citations in this Memorandum Opinion and Order to documents filed with the court refer to the page numbers located at the bottom righthand corner of the documents as they appear on CM/ECF.

Anthony Turner, No. 1:13-cr-230-4 (M.D.N.C. June 16, 2022), Doc. 251.

On August 15, 2022, after learning of Debtor-Appellant's bankruptcy case, the United States moved for a protective order from the Bankruptcy Court, requesting that enforcement and collection of Debtor-Appellant's criminal restitution not be subject to the automatic stay provided by 11 U.S.C. § 362(a). (Ex. 3, Bankruptcy R. on Appeal, Mot. for Relief from Stay (Doc. 3-3) at 1.) After briefing was completed, the Bankruptcy Court denied the United States' motion. (Ex. 2, Bankruptcy R. on Appeal, Order Denying Mot. for Relief from Stay (Doc. 4-2) at 2.) The Bankruptcy Court held that "the automatic stay provided by 11 U.S.C. § 362(a) does not apply to the enforcement and collection of restitution imposed as part of a criminal sentence pursuant to the Mandatory Victim Restitution Act, and therefore relief from the stay is not required . . . ." (Id. (emphasis in original).)

Debtor-Appellant filed timely notice of appeal of the Bankruptcy Court's order. (Notice of Bankruptcy Appeal (Doc. 1).) At issue on appeal is whether the automatic stay provided by 11 U.S.C. § 362(a) bars enforcement of a criminal judgment through the collection of restitution provided by the Mandatory

Victims Restitution Act ("MVRA"), 18 U.S.C. § 3613.[2]
Debtor-Appellant filed a brief in support of his appeal. (Br. of
Appellants (Doc. 8).) The United States filed a brief opposing
Debtor-Appellant's argument, (Br. of Appellee United States of
America (Doc. 10)), as did interested party William P. Miller,
United States Bankruptcy Administrator, (Br. of Interested Party
William P. Miller United States Bankruptcy Administrator
(Doc. 9)).

## II.  **STANDARD OF REVIEW**

"The district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." 28 U.S.C. § 158(a). On appeal from a bankruptcy proceeding, this court reviews the Bankruptcy Court's legal conclusions de novo and its factual findings for clear error. See

---

[2] Debtor-Appellant raises two issues on appeal. (Bankruptcy R. on Appeal (Doc. 3) at 2.) First, "[w]hether the 11 U.S.C. § 362(a) automatic stay bars enforcement of restitution orders against the property of the bankruptcy estate notwithstanding the provisions [of] 18 U.S.C. § 3613(a)." (Id.) Second, "[w]hether 18 U.S.C. § 3613 exempts the enforcement of criminal restitution orders against property of the bankruptcy estate protected by the § 362(a) automatic stay." (Id.) This court finds, as did the Bankruptcy Court, that the restitution order is not subject to the § 362(a) automatic stay. As this holding resolves the claim before the court, this court need not address the specific issues raised by Debtor-Appellant.

In re Jenkins, 784 F.3d 230, 234 (4th Cir. 2015). No dispositive facts are disputed on appeal.

III. **ANALYSIS**

A debtor's filing of bankruptcy automatically triggers several provisions of the Bankruptcy Code, including 11 U.S.C § 362, which imposes an automatic stay that "operates to protect a debtor from his creditors." Kadlecek v. Schwank USA, Inc., 486 B.R. 336, 339 (M.D.N.C. 2013); see also 11 U.S.C § 362(a). "[T]he filing of the petition in bankruptcy 'operates as a stay, applicable to all entities, of the . . . continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was commenced before' the bankruptcy petition." Gilchrist v. Gen. Elec. Cap. Corp., 262 F.3d 295, 303 (4th Cir. 2001).

Even so, "[t]he bankruptcy laws are not a haven for criminal offenders, but are designed to give relief from financial over-extension. Thus, criminal actions and proceedings may proceed in spite of bankruptcy." H.R. Rep. No. 95-595, at 342 (1977). To that end, the MVRA provides that:

> [t]he United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. Notwithstanding any other Federal law . . . a judgment imposing a fine may be enforced against all property or rights to property of the person fined . . . .

18 U.S.C. § 3613(a). The statute enumerates several exceptions to the MVRA, none of which are applicable here.

At issue on appeal is whether the automatic stay provided by 11 U.S.C § 362(a) bars enforcement and collection of restitution imposed pursuant to the MVRA. In ruling that the automatic stay did not apply to the enforcement and collection of restitution imposed as part of a criminal sentence, the Bankruptcy Court relied upon United States v. Robinson, 494 B.R. 715 (W.D. Tenn. 2013). In Robinson, the District Court considered the same issue now before this court. Id. at 717. The District Court explained that the MVRA's language, "notwithstanding any other Federal law," 18 U.S.C. § 3613(a), was "exceedingly clear" and "means the provisions of § 3613 apply without regard to any other federal enactment." Robinson, 494 B.R. at 719. Further, the Robinson court explained that "such a statement by the legislature 'broadly sweeps aside potentially conflicting laws, including the Bankruptcy Code." Id. at 720 (cleaned up). The court held that the United States could enforce its restitution order against the debtor's property. Id. at 724. The Sixth Circuit affirmed the lower court, explaining that the MVRA's "notwithstanding" provision "supersedes conflicting laws" such as the Bankruptcy Code's automatic stay provision. In re Robinson, 764 F.3d 554, 560 (6th Cir. 2014) (citing Cisneros v. Alpine Ridge Grp., 508

- 6 -

U.S. 10, 18 (1993)) (discussing the meaning of "notwithstanding" clauses in statutory interpretation).

Although the Fourth Circuit has not addressed the issue now before this court, it has also held that the MVRA's "notwithstanding" language means the MVRA supersedes conflicting federal law. In United States v. Frank, the Fourth Circuit held that "the MVRA permits the seizure of defendant['s] . . . retirement account, notwithstanding ERISA's protections, in order to compensate the victim of [the defendant's] crime." 8 F.4th 320, 322 (4th Cir. 2021). The Fourth Circuit deemed the issue a "straightforward and one-sided exercise in statutory construction," explaining that

> § 3613 straightforwardly addresses how we should resolve any incompatibility between this broad directive and ERISA's anti-alienation provision. . . . Congress's mandate that the MVRA allows for seizure of all property or rights to property notwithstanding any other federal law makes clear that ERISA's anti-alienation provision cannot impede enforcement of criminal restitution orders against 401(k) accounts. . . . The MVRA overtly states that all property rights not expressly exempted are subject to criminal restitution, "notwithstanding" contrary federal law. Indeed, "notwithstanding" clauses like the MVRA's are precisely how Congress specifies that one statute supersedes another – and a clearer statement is difficult to imagine.

Id. at 327-31 (emphasis in original) (internal citations and quotations omitted). This construction of the MVRA's "notwithstanding" provision also applies here. "Congress's

mandate that the MVRA allows for seizure of all property or rights to property notwithstanding any other federal law" also applies to and supersedes the Bankruptcy Code, including the automatic stay provided by 11 U.S.C. § 362(a). See id. at 327.

Further, the MVRA lists several specific exceptions to the enforcement and collection of restitution. 18 U.S.C. §§ 3613(a)(1)-(3). The automatic stay upon filing for Bankruptcy is not one of the enumerated exceptions. "Congress' decision to include specific exceptions" in the MVRA serves as "a deliberate choice to limit the statute to the exceptions set forth." Peltier v. Charter Day Sch., Inc., 37 F.4th 104, 129 (4th Cir. 2022). Had Congress intended to include the automatic stay provided by 11 U.S.C. § 3613(a) as an exception to the collection and enforcement of restitution, it would have done so.

Thus, this court agrees with the Sixth Circuit and the District Court in Robinson that the MVRA "overrides the application of § 362(a)'s various stays" and that "the government may satisfy the restitution judgment[] from estate property." In re Robinson, 764 F.3d at 562; see also Robinson, 494 B.R. at 724. Accordingly, this court affirms the Bankruptcy Court's order relying upon Robinson that denied the United States' motion because "the automatic stay does not apply to the enforcement and collection of restitution owed by" Debtor-Appellant. (Ex. 2,

Bankruptcy R. on Appeal, Order Denying Mot. for Relief from Stay (Doc. 4-2) at 2.)

Debtor-Appellant argues that the automatic stay provided by 11 U.S.C. § 362(a) "precludes the United States of America from enforcement and collection of a pre-petition restitution order against property of the bankruptcy estate." (Br. of Appellants (Doc. 8) at 7.) More specifically, Debtor-Appellant argues that the filing of bankruptcy under Chapter 13 divests the debtor from his property as property of the bankruptcy estate instead, including the debtor's post-petition earnings. (Id. at 8.) Further, Debtor-Appellant argues that "the MVRA is textually limited to enforcement actions against the property of the wrongdoer herself" and that "[t]he bankruptcy estate is not 'the person fined'" under the MVRA. (Id. at 10.) Accordingly, Debtor-Appellant argues that his earnings are property of the bankruptcy estate, not property of the debtor, so they are not subject to garnishment as restitution under the MVRA. (See id. at 11.)

Debtor-Appellant's argument is unavailing. Although he correctly notes that the Sixth Circuit also distinguished between property of the debtor and property of the bankruptcy estate, the Sixth Circuit nonetheless affirmed the lower court's decision and held that "the government may satisfy the restitution judgments

from estate property." See In re Robinson, 764 F.3d at 562. Debtor-Appellant's argument that there is a distinction between the debtor's property and the bankruptcy estate does not impact the statutory analysis of the language of the MVRA.

Debtor-Appellant cites to United States v. Swenson, 971 F.3d 977 (9th Cir. 2020), in support of his argument. (Br. of Appellants (Doc. 8) at 12.) However, Swenson is inapposite. Swenson addressed whether a defendant's spouse's Social Security benefits may be garnished to collect restitution imposed under the MVRA from the defendant in a community property state. 971 F.3d at 983. The Ninth Circuit explained:

> if Mr. Swenson's Social Security benefits were at issue, Section 3613(a) would override the SSA's anti-alienation provision as to his benefits, and the government would be able to garnish them. But because Mrs. Swenson's benefits are not Mr. Swenson's property, and Mr. Swenson has no right to them, the MVRA does not override the anti-alienation provision as to Mrs. Swenson's benefits . . . .

Id. at 984 (emphasis in original). The Ninth Circuit did not address the argument Debtor-Appellant poses that was ultimately rejected by the Sixth Circuit in In re Robinson: whether a distinction between property of the debtor and property of the bankruptcy estate impacts the MVRA's reach to the bankruptcy estate for collection and enforcement of restitution.

- 10 -

Case 1:22-cv-00937-WO   Document 11   Filed 06/16/23   Page 10 of 11

**IV. CONCLUSION**

This court finds that the MVRA, 18 U.S.C § 3613(a), supersedes the automatic stay in bankruptcy filings provided by 11 U.S.C. § 362(a), all as found by the Bankruptcy Court.

For the foregoing reasons, the Bankruptcy Court's order, (Ex. 2, Bankruptcy R. on Appeal, Order Denying Mot. for Relief from Stay (Doc. 4-2) at 2), is **AFFIRMED**.

This the 16th day of June, 2023.

                                        _/s/ William L. Osteen, Jr._
                                        United States District Judge